### J. E. PERRY v. THE STATE.

No. 1399. Decided November 22, 1911.

**1.—Local Option—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence and did not conform to the requirements of the statute, the same was correctly overruled.

**2.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not show what the answer would have been to the excluded questions, there was no error.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and thirty days confinement in the county jail.

The opinion states the case.

*Robt. D. Russell,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of seventy-five dollars and thirty days confinement in the county jail, from which judgment he presents an appeal to this court.

The court did not err in overruling the motion for a continuance. It appears that appellant was arrested about the 4th day of February charged with this offense, and his case called for trial on the 5th day of the following April. He had no process issued for the absent witness until the 3d day of April, or just two days before his case was set for trial. The witness was not summoned, and the diligence is insufficient. In addition to this the application does not state that witness is not absent by the procurement or consent of the defendant; that the application is not made for delay, and that there was no reasonable expectation that the attendance of the witness could not be secured during the term, and is, therefore, insufficient in law.

There being no bill of exceptions in the record showing what the evidence of the witnesses C. M. Rogers, J. M. Rogers, J. W. Linch and Walter McCauley would have been, the ground in the motion urging that the court erred in excluding the testimony, can not be considered on appeal.

The only other ground in the motion is that the evidence does not sustain the conviction. The record shows that prohibition is in force in Brown County, and the State's witness Crow swears positively that appellant sold him whisky on or about the date alleged in the information. It was shown that appellant received a quantity of whisky about this time, and if the jury believed the State's witnesses the evidence fully supports the judgment.

*Affirmed.*